Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 8870 | DATE | June 4, 2004 |
| CASE TITLE | U.S. ex rel. Johnson v. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The court ordered the parties to file supplemental memoranda in connection with the respondent's motion to dismiss Mr. Johnson's § 2254 petition [10-1]. The court finds that Mr. Johnson's petition is untimely and thus grants the respondent's motion to dismiss. The clerk is directed to prepare a Rule 58 judgment and to terminate this case. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. BRANDON JOHNSON, Petitioner, v. KENNETH BRILEY, Respondent. | 03 C 8870 |

## MEMORANDUM AND ORDER

The respondent's motion to dismiss Mr. Johnson's § 2254 petition as time-barred is before the court. Resolution of this motion requires the court to determine the timeliness of a habeas petition that was ostensibly mailed by a prisoner but was never received and was later remailed. For the following reasons, the court finds that because the petition that could have tolled the statute of limitations was never received, it did not toll the statute of limitations. Mr. Johnson's habeas petition is, therefore, untimely.

### Background

The court will begin by summarizing the pertinent dates from Mr. Johnson's attempts to secure relief in the state courts. On December 3, 1997, the Illinois Supreme Court denied Mr. Johnson's petition for leave to appeal in his direct appeal. Mr. Johnson did not file a petition for a writ of certiorari, but is entitled to add the 90 day period in which he could have done so to the limitations period. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Ninety days after December 3, 1997, is March 3, 1998. One year after this date is Wednesday, March 3, 1999. The one-year statute of limitations thus expired on March 3, 1999 unless a properly filed state post-conviction petition tolled the limitations period.



In his first federal habeas petition (No. 00 C 7417), which was filed on October 4, 2000, Mr. Johnson stated that he filed a state post-conviction petition on June 3, 1998. In that case, the respondent filed a motion to dismiss without prejudice for failure to exhaust, noting that Mr. Johnson's state post-conviction proceedings were still wending their way through the state courts. The court granted this motion because Mr. Johnson had not exhausted his state court remedies. Subsequent Seventh Circuit authority clarified that a non-exhausted petition should be stayed, not dismissed, *Newell v. Hanks*, 283 F.3d 287 (7th Cir. 2002), but the court cannot go back and rewrite history. In any event, regardless of whether the court stayed Mr. Johnson's original habeas petition or dismissed with leave to reinstate, the timeliness of his request for federal habeas relief is properly before the court today.

## Discussion

Mr. Johnson refiled the habeas petition presently before the court within the number of days after the conclusion of the state post-conviction proceedings specified by the court in No. 00 C 7417. *See generally Parisi v. Cooper*, 961 F. Supp. 1247 (N.D. Ill. 1997). In his refiled petition, he stated that he filed his state post-conviction petition on August 17, 1999 (not June 3, 1998, as he had stated in his prior federal petition). Based on the 1999 filing date, the respondent contended that the state post-conviction proceedings could not toll the statute of limitations as it had already run. Specifically, the respondent noted that one year after March 3, 1998 (the conclusion of direct proceedings) is March 3, 1999, and Mr. Johnson filed his state post-conviction petition on August 17, 1999, and then sought federal habeas relief on October 4, 2000. Both of these dates are more than a year after March 3, 1999.

The fate of this argument rests on whether Mr. Johnson filed his state post-conviction petition on June 3, 1998 (in which event it is timely and tolled the limitations period) or on August 17, 1999 (in which event it is not). The court ordered the parties to provide the court with documentation relating to the filing date of Mr. Johnson's state post-conviction petition. The respondent tendered Mr. Johnson's state post-conviction petition, correctly observing that it bears a file-stamp of August 17, 1999, and is supported by affidavits executed in 1999.

Despite the fact that his petition was actually filed on August 17, 1999, Mr. Johnson nevertheless claims that he initially tried to file it back in 1998 and that he is entitled to use this date for statute of limitation purposes. Specifically, he contends that he placed his petition in the prison mail system on June 3, 1998, and only became aware that something was amiss when he saw that his prepaid postage had not been deducted from his prison trust fund account. In support, he points to a notarized affidavit from 1998 and his 1998 notice of filing.

After he realized that the postage had not been deducted, Mr. Johnson wrote to the state court clerk to see if his petition had been successfully filed. The record before the court contains a letter from the state court clerk to Mr. Johnson dated September 11, 1998. In that letter, the clerk advised Mr. Johnson that the court did not have a post-conviction petition on file. Mr. Johnson did not attempt to refile his petition until August of 1999, almost a year after the clerk's September 11, 1998, letter.

Under the "mailbox rule," a prisoner who does not have a lawyer is deemed to file a notice of appeal from an adverse judgment when he delivers the notice to the prison authorities. *Houston v. Lack*, 487 U.S. 266 (1988). The Seventh Circuit has adopted the mailbox rule in evaluating the timeliness of habeas petitions. *Jones v. Bertrand*, 171 F.3d 499, 501 (7th

Cir.1999). To take advantage of the rule, a prisoner must assert that he mailed his habeas petition on a date certain and that he prepaid first-class postage. *See U.S. v. Craig*, No. 03-2424, — F.3d —, 2004 WL 1066833 (7th Cir. May 13, 2004). Mr. Johnson has specifically alleged that he mailed his petition on June 3, 1998, and prepaid first class postage.

At first blush, the mailbox rule thus seems to save Mr. Johnson's petition. However, the mailbox rule is not enough to make Mr. Johnson's petition timely. By late September of 1998 (after he received the clerk's September 11, 1998 letter), he knew that he did not have a petition on file. He nevertheless waited almost a year later to try again. The mailbox rule allows the court to consider a petition filed as of the date it is placed into the prison's mail system, as opposed to the date that it is actually received. It does not, however, automatically allow a prisoner to use the date that a document was placed in the prison mail system for later filings when the first document was not received (either because it was never sent out or was lost in the mail).

In other words, the mailbox rule cannot be used to endlessly extend the limitations period by deeming a series of documents "filed" as of the date that an initial document is placed in the prison mail system with prepaid postage when that initial document never makes it to the court. This is especially true in this case given that Mr. Johnson waited almost a year after learning that his original habeas petition had not been filed and, indeed, appeared to not have been mailed in the first place. Perhaps things might have been different had Mr. Johnson diligently followed up on his 1998 mailing to make sure it arrived properly and then sprang into action when he learned that it had not arrived. But that is not the case before the court. Accordingly, Mr. Johnson is not

entitled to use the 1998 filing date. This means that his federal habeas petition is untimely and must be dismissed.

## Conclusion

For the above reasons, the respondent's motion to dismiss Mr. Johnson's habeas petition as untimely is granted.

DATE:

*Blanche M. Manning*
Blanche M. Manning
United States District Court Judge

03cv8870.md